UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIRST CONGREGATIONAL CHURCH ) Case No. 03-12405JLT
OF HAMILTON, )
      Plaintiff, )
)
v. )
)
TOWN OF HAMILTON, TOWN OF )
HAMILTON HISTORIC DISTRICT )
COMMISSION and TOWN OF )
HAMILTON ZONING BOARD OF )
APPEALS, )
)
      Defendants. )

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

This action challenges two separate but related decisions of Hamilton town boards regarding the use and development of First Congregational Church of Hamilton ("Church") property. In 2002, the Hamilton Zoning Board of Appeals ("ZBA") issued a finding that the Church was not in compliance with conditions imposed on it in 1993 when the board granted Site Plan Approval to the Church to construct a 38 car parking lot. The Church appeals the board's 2002 and 1993 decisions. Also in 2002, the Hamilton Historic District Commission ("HDC") denied a Certificate of Appropriateness to the Church to construct a Fellowship Hall on the same property. The Church appeals the Commission's denial.

The Church has currently pending two state court lawsuits filed in 2002 in which it alleges that the boards' actions are void, arbitrary and capricious under state law. The

Church's federal court complaint alleges that these same actions are in violation of the Church's rights under the federal Constitution and federal statute. For several reasons, the Defendants Town of Hamilton, HDC and ZBA (collectively "Town") move to dismiss the federal complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## FACTS

*I.     Property Description*

The Church owns property numbered 624 Bay Road in Hamilton, MA. This property is located partially within the Hamilton Historic District and is referred to locally as the "Wigglesworth-Cutler property." It includes a three story wood framed building formerly used as a single family residence and a two story wood framed barn, both of admitted important historic and architectural significance. Complaint, ¶ 3.11. The property acts as the anchor for the entire Historic District, as it directly abuts the historic Church sanctuary, is adjacent to the original Town green, and across the street from the Town cemetery and Town Hall, all of which are also in the Historic District. The property has historic significance to the nation as the property from which a covered wagon caravan began its westward journey to open up the Northwest Territories upon the signing of the Northwest Ordinance.

*II. The Historic District Commission and the Church's State Court Action*

In 2002, the Church filed an application for a Certificate of Appropriateness, pursuant to Mass. Gen. L. c. 40C, § 6, with the HDC for changes to the sanctuary and the abutting Wigglesworth-Cutler property. Among other changes, the application proposed to construct a large new structure on the Wigglesworth-Cutler property to be the Fellowship Hall. The Church's proposal would remove mature trees buffering the

residential property to the south and virtually eliminate the remaining open space on the property to accommodate the new Fellowship Hall.

After several public hearings and a site walk, the HDC denied the application and denied a finding of hardship. The Commission's decision was filed with the Town Clerk on September 3, 2002. By complaint filed in Essex Superior Court on September 18, 2002, the Church appealed the HDC's denial of a Certificate of Appropriateness to construct the Fellowship Hall. A copy of the Church's state court complaint is included in the Appendix at Tab A and is hereafter referred to as "HDC Complaint."[1] The Commission's decision is Exhibit B to the HDC Complaint.

The state claim comprises one cause of action, namely that the Historic District Commission's decision is unsupported by the evidence and exceeds the Commission's authority. HDC Complaint, ¶¶10-11. The HDC Complaint then includes the following paragraph:

> 12. This appeal, taken in accordance with the provisions of M.G.L. c. 40C, § 12A, is filed without waiver of, or prejudice to, the right of the First Congregational Church of Hamilton to challenge the Commission's decision, refusing to grant the Church's Application for a Certificate of Appropriateness, under the Federal Religious Land Use Act of 2000, 42 USC §2000cc.

The HDC litigation was set for trial in Essex Superior Court for January 5, 2004. The Trial Notice is included in the Appendix at Tab B. Due to the recent filing of the federal complaint, however, the parties and the state court agreed to continue that trial date until such time as this motion to dismiss is decided. A copy of the Clerk's Notice of the continuance is included in the Appendix at Tab C.

---

[1] A court may consider matters of public record, including documents from state court adjudications, without converting the motion into one for summary judgment. *Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (citations omitted).

*III.    The Zoning Board of Appeals and the Church's State Court Action*

Also in 2002, neighbors of the Church requested that the Zoning Enforcement Officer enforce a 1993 decision of the ZBA against the Church. The 1993 decision imposed conditions in approving an amended Site Plan of the Church stemming from the construction of a 38 car parking lot on the Wigglesworth-Cutler property. By decision filed with the Town Clerk on June 20, 2002, the ZBA found that the Zoning Enforcement Officer and the Board have the power to enforce the 1993 decision, found that the Church was not in compliance with several conditions of the 1993 decision and ordered compliance.

By complaint filed in Essex Superior Court on July 5, 2002, the Church appealed the ZBA's 2002 decision and further claimed that the 1993 decision, which it had not previously appealed, was void. A copy of the complaint against the ZBA is included in the Appendix at Tab D and is hereafter referred to as the "ZBA Complaint."

The ZBA Complaint alleges that the ZBA's 2002 decision exceeds the board's authority and is in violation of Mass.Gen.L. c. 40A, § 3 and the Federal Religious Land Use Act of 2000, 42 U.S.C. §2000cc ("RLUIPA"). It also alleges that the 1993 decision is void under Mass.Gen.L. c. 40A, § 3. ZBA Complaint, ¶ 12.e, f. Notwithstanding the reference to RLUIPA in paragraph 12.f, the ZBA Complaint contains the following paragraph:

> 13.    This appeal, taken in accordance with the provisions of M.G.L. c. 40A, § 17, is filed without waiver of, or prejudice to, the right of the First Congregational Church of Hamilton to challenge both the Decision and the 1993 Conditional Site Plan Approval Decision under the Federal Religious Land Use Act of 2000, 42 USC §2000cc.

4

*IV.   The Federal Court Action*

The federal court complaint concerns the very same property, and challenges the very same two board decisions, that are at issue in the state court complaints. By complaint filed December 1, 2003, the Church asserts that the ZBA's 2002 and 1993 decisions and the Commission's 2002 decision violate the Church's federal Constitutional and statutory rights. Specifically, Count I of the federal court complaint alleges that both boards' decisions violate RLUIPA because they impose a substantial burden on the Church members' free exercise of religion and do not represent the least restrictive means for furthering any compelling governmental interest. For the same reasons, the boards' decisions allegedly violate the Church members' and attendees' rights under the First Amendment of the Constitution (Count II). The boards' decisions are alleged to be arbitrary, capricious, discriminatory or motivated by unlawful animus against the Church or its members, all in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution, in Count III. Finally, in Count IV the Church seeks a declaratory judgment of its rights under federal law pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

## ARGUMENT

*I.   The Church's Causes of Action, Split Between the Federal and State Courts, Represent Improper Claim-Splitting.*

In general, when a plaintiff has several causes of action against a defendant all arising out of the same facts and circumstances, then the plaintiff must join all of those causes of action in a single lawsuit or risk losing the theories not joined in the first action. *Restatement (Second) of Judgments,* § 24 (1982). While the rule is often applied in circumstances where the first lawsuit is final, the rule against claim-splitting applies

when a plaintiff files a second lawsuit arising out of the same circumstances addressed in a previously filed lawsuit that may still be pending. *E.g., Guindon Ins. Agency, Inc. v. Commercial Union Ins. Co.,* 15 Mass. App. Ct. 931, 932, 445 N.E.2d 167 (1983) (rescript).

The Church cannot bring in federal court causes of action that it knew about and could have brought in the pending state court actions. The federal and state courts have concurrent jurisdiction over the Church's federal law claims. "[T]here is a presumption in favor of concurrent jurisdiction, so that state courts may entertain federal civil claims as a matter of course 'absent provision by Congress to the contrary or disabling incompatibility.'" *Diversified Foods, Inc. v. First Nat. Bank of Boston,* 985 F.2d 27, 29 (1st Cir. 1993), *quoting Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 477-78 (1981). RLUIPA expressly recognizes that a claim under that statute may be decided in a non-federal forum. 42 U.S.C. 2000cc-2(c). Indeed, state courts have already considered RLUIPA claims. *E.g., State ex rel. Scadden,* 2002 WL 452472, 2002-Ohio-1352 (Ohio App. Ct. 10th Dist. Mar. 26, 2002). It is well settled that federal Constitutional claims, including those based upon the First and Fourteenth Amendments, may be decided in state court. *E.g., Mole v. University of Massachusetts,* 58 Mass. App. Ct. 29, 48, 787 N.E.2d 1098, 1112-13 (2003); *Baker v. Gray,* 57 Mass. App. Ct. 618, 628, 785 N.E.2d 395, 403 (2003). There was therefore no legal impediment to joinder of the federal claims in the state court complaints.

The Church does "not have a right to bring separate and successive suits on different legal theories arising out of a single nucleus of operative facts." *Boateng v. InterAmerican University, Inc.,* 210 F.3d at 62. Having chosen the state forum in which

to first sue, the Church was obligated to assert all of its potential claims in that forum in a timely manner or risk losing them altogether.

> II. *The Federal Complaint Should Be Dismissed Because of the Prior Pending State Court Actions.*

The Church has filed its federal court complaint 17 months and 15 months, respectively, after the filing of the ZBA Complaint and HDC Complaint. Under these circumstances, the Court should exercise its discretion to abstain from jurisdiction and dismiss this lawsuit.

It is generally recognized that abstention is the exception, rather than the rule. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976). In considering whether to dismiss a federal court complaint when a pending state court action has concurrent jurisdiction, the federal court may consider such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, the date of filing of the competing claims and whether the state court will provide adequate protection for the interests of the parties. *Id.* at 818. Where the federal action is one for declaratory relief, however, the "'federal court's duty to exercise its jurisdiction is relaxed.'" *U.S. Liability Ins. Co. v. Wise as Next Friend of Easler*, 887 F. Supp. 348, 349 (D. Mass. 1995), *quoting Fuller Company v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309 n. 3 (1st Cir. 1986).

In this declaratory judgment action, all parties to the action are already parties to the pending state court actions. The state has a strong interest in reviewing the boards' actions, given that the Church's plans for development of that land will have the most significant effect locally. The efficiency of the state court forum is established by the

7

trial date assigned in the HDC Complaint, such that that action would already have been resolved, or at least been tried, had the filing of the federal complaint not occurred. Massachusetts courts are well-versed in the competing claims of religious institutions and municipalities over the development of land through the application of the "Dover Amendment," Mass. Gen. L. c. 40A, § 3 on decisions of town zoning boards.[2] There is thus no reason to conclude that the state forum could not adequately, objectively and efficiently protect the interests of all parties as to all interests properly and timely raised.

### III.   *The Federal Complaint is Untimely.*

The Church is undisputedly pursuing its actions as a party aggrieved by the decisions of the ZBA and the HDC. As such, the time within which it must file its appeal of such decisions is expressly circumscribed by the pertinent statutes. For the appeal of the ZBA's decision, the Church must follow the procedure set forth in Mass. Gen. L. c. 40A, § 17. In pertinent part, that section provides: "Any person aggrieved by a decision of the board of appeals . . . may appeal . . . by bringing an action within twenty days after the decision has been filed in the office of the . . . town clerk." For the appeal of the HDC's decision, the Church is bound by the provisions of Mass. Gen. L. c. 40C, § 12A. That section provides in pertinent part: "Any person aggrieved by a determination of the commission . . . may, within twenty days after the filing of the notice of such determination . . . with the . . . town clerk, appeal to the superior court sitting in equity for the county in which the . . . town is situated."

---

[2] As noted above, the Church relies upon the Dover Amendment in its ZBA Complaint as one of the reasons the ZBA's decision should be overturned.

8

An aggrieved party's failure to file its complaint within the twenty days following filing of the ZBA's decision with the town clerk deprives the reviewing court of jurisdiction to hear the appeal. *O'Blenes v. Zoning Bd. of Appeals of Lynn,* 397 Mass. 555, 557-58, 492 N.E.2d 354, 356 (1986); *Capone v. Zoning Bd. of Appeals of Fitchburg,* 389 Mass. 617, 625, 451 N.E.2d 1141, 1145 (1983). While Massachusetts courts have not addressed the issue explicitly, by analogy failure to abide by the similar time deadline for appeals of HDC decisions similarly circumscribes the court's jurisdiction. *See, e.g., Gumley v. Board of Selectmen of Nantucket,* 371 Mass. 718, 723, 358 N.E.2d 1011, 1015 (1977) (noting that the language of Mass. Gen. L. c. 40C, § 12 is "substantially identical" to Mass. Gen. L. c. 40A, § 17).

Challenges to municipal action based on federal statutory and Constitutional grounds must meet state deadlines for raising such challenges. *See, e.g., Talley v. California,* 362 U.S. 60, 61-62 (1960) (appellants timely challenged on First Amendment grounds criminal convictions for distribution of handbills in violation of municipal ordinance). Beyond question, the Federal complaint filed in 2003 was not filed within the time deadline provided in the state statutes. Since the federal complaint does not constitute a timely filing by the Church for appeals of the actions of the ZBA and HDC, the court lacks jurisdiction to hear these claims in this forum.

## CONCLUSION

For these reasons, the Motion to Dismiss should be granted and the Complaint should be dismissed.

Dated: January 12, 2004

TOWN OF HAMILTON, TOWN OF HAMILTON HISTORIC DISTRICT COMMISSION AND TOWN OF HAMILTON ZONING BOARD OF APPEALS,
By their attorneys,

*Donna B. MacKenna*
Donna B. MacKenna, BBO #545254
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by mail on January 12, 2004.

*Donna B. MacKenna*
Donna B. MacKenna