UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIRST CONGREGATIONAL CHURCH OF HAMILTON,<br>        Plaintiff<br><br>v.<br><br>TOWN OF HAMILTON, TOWN OF HAMILTON HISTORIC DISTRICT COMMISSION and TOWN OF HAMILTON ZONING BOARD OF APPEALS,<br><br>        Defendants. | Case No. 03-12405JLT |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### FACTUAL INTRODUCTION

The Town of Hamilton, Town of Hamilton Historic District Commission, and Town of Hamilton Zoning Board of Appeals (hereinafter collectively referred to as "the Town") have moved, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the Complaint filed herein by the Plaintiff, First Congregational Church of Hamilton (hereinafter "the Church"). The Church alleges in its Complaint, inter alia, that the Town has refused to grant the Church approval to construct a Fellowship Hall next to the Church's sanctuary in Hamilton and, also, that the Town has moved to take certain enforcement action against the Church under the Town's zoning by-law.

Based upon this background, the Church's Complaint includes a claim against the Town brought under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000 cc (hereinafter "RLUIPA). The Church contends that the Town has violated RLUIPA

because: (a) the Town's conduct has imposed a substantial burden on the Church's right to exercise its religious beliefs and practices in furtherance of its religious mission; and (b) the local zoning and landmarking regulations pursuant to which the Town has acted, do not further a compelling governmental interest.

The Church has previously filed two separate actions in the Massachusetts Superior Court, one being an appeal of the Town's refusal to grant an approval to the Church under the Town's historic district by-law, for the construction of a proposed Fellowship Hall, and a second state court action being an appeal by the Church of the Town's decision to take enforcement action against the Church under applicable provisions of the Town's zoning by-laws. The two actions filed by the Church, and now pending in state court, were filed pursuant to two separate provisions of the Massachusetts General Laws, providing for exclusive state court judicial review of administrative decisions made by municipal agencies pursuant to local zoning and historic district by-laws. The Church has filed one action against the Town under the state's zoning enabling legislation, Mass. Gen. Laws Chapter 40A, known as the Zoning Act and, more specifically, Section 17 thereof; and a second action against the Town under the Commonwealth's enabling legislation authorizing the creation of local historic districts, Chapter 40C, known as the Historic Districts Act, and, more specifically, Section 12A thereof.

The Town argues in its Memorandum that the pendency of the two state court appeals, raising state law claims, appealing local municipal administrative decisions, require the dismissal of the Church's pending Federal Court Complaint, asserting federal law claims. The Town has advanced three separate arguments in support of its Motion to Dismiss the Church's Federal Court Complaint. The Town's first argument is premised upon the Town's contention that the

Church's decision to file its federal law claims in federal court, after having filed state law claims in state court, represents what the Town describes as improper claim splitting, requiring the dismissal of the Church's Federal Court Complaint. The Town next urges federal preemption doctrine to support its Motion to Dismiss. The third and final argument put forward by the Town in support of its Motion to Dismiss is that this Court lacks subject matter jurisdiction over the Church's federal law claims, because they were not filed within the deadlines established for state court review of local administrative decisions under M.G.L. c. 40A, § 17 and M.G.L. c. 40C, § 12A (as previously referred to herein). For the reasons outlined subsequently herein, none of the arguments advanced by the Town in support of its Motion to Dismiss are persuasive and, therefore, the Town's Motion to Dismiss should be denied.

## ARGUMENT

I. There is no separate federal rule premised upon a policy disfavoring claim splitting, which warrants the dismissal of a federal court complaint, raising federal law claims, solely upon the grounds that the plaintiff has previously filed tangentially related state law claims in a state court. The fact that tangentially related claims may be split between state and federal forums, is but one factor to be considered under federal abstention doctrine.

There is simply no federal precedent to support the Town's argument that the mere pendency of related state court proceedings, standing alone, warrants the dismissal of a subsequent federal court complaint asserting federal law claims. The Town acknowledges in its Memorandum that the jurisprudential rule which prohibits claim splitting is generally applied in the context of final judgments. In this case, it is undisputed that the two state court actions remain pending, and that neither state court case has gone to judgment. For this reason, any jurisprudential rule which permits dismissal, based solely upon the doctrine of improper claim

splitting, does not apply in this case, because there is no final judgment yet involved. The Town's citation to the Restatement (Second) of Judgments in support of its argument is also misdirected because that treatise deals with final judgments. For the same reason, the Town's reliance upon *Boateng v. InterAmerican University, Inc.*, 210 F.3rd 56 (1st Cir. 2000), cited at page 6 of the Town's Memorandum, is misplaced because that case was decided on the basis of res judicata principles. *Id.* at 64. The doctrine of res judicata is not even mentioned in the Town's Memorandum, and for good reason. Res judicata is only applicable where there has been a final judgment on the merits, which has not occurred in the pending state appeals involving the parties to this suit. *Id.* at 63.

The rescript decision of the Massachusetts Appeals Court in the case of *Guindon Insurance Agency, Inc. v. Commercial Union Insurance Co.*, 15 Mass. App. Ct. 931, 932, 445, N.E.2d 167 (1983) (rescript), also relied upon by the Town in support of its contention that the pending state court actions require the dismissal of the Church's Federal Court Complaint, is wholly inapposite. The holding of the Massachusetts Appeals Court in *Guindon* was predicated upon a particular provision of the Massachusetts Rules of Civil Procedure not incorporated into the Federal Rules of Civil Procedure. Specifically, Mass. R. Civ. P. 12(b)(9) requires the dismissal of a subsequently filed claim arising out of the same set of operative facts, if that claim is the subject of a prior pending action in another court. There is no corollary provision in Fed. R .Civ. P. 12(b), apparently because federal courts handle the issue through federal abstention doctrine. Because there is no Massachusetts common law abstention doctrine, the Commonwealth has chosen to codify a rule applicable to prior pending actions in its rules of civil procedure.

The Town's reliance on the *Guindon Insurance Agency, Inc.* decision to support its argument that the Church's Federal Court Complaint should be dismissed, because of improper claim splitting between state and federal court, is misplaced for another reason. *Guindon* did not involve federal claims or federal court in any way. The plaintiff in *Guindon* brought a subsequent suit in the same state court based on state law claims involving the very same factual elements that gave rise to its original suit. Therefore, *Guindon* has no bearing whatsoever on the case at bar, where the Church has elected to file its federal claims with this federal court.

The Town states at page 6 of its Memorandum that, "the Church cannot bring in Federal Court causes of action that it knew about and could have brought in the pending state court actions." In support of its statement, the Town cites to a line of authority which stands for the proposition that the Church's federal law claims <u>could</u> have been brought in the state court proceedings. The conclusion reached by the Town does not follow from the premise it relies upon. The Town's argument on this point presents a non-sequitur. The mere fact that federal law permitted the Church to include its federal law claims in state court proceedings does not, in and of itself, prohibit the filing of, or warrant the dismissal of, a subsequently filed federal court complaint, asserting the federal law claims.

II. The circumstances of the case at bar do not warrant abstention under the *Colorado River* doctrine.

While the Town does not specify in its Memorandum, which category of federal abstention doctrine it relies upon in support of its Motion to Dismiss, the Town does cite to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In the *Colorado River* decision, the Supreme Court held that district courts may surrender jurisdiction in favor of concurrent state proceedings only in certain "exceptional" circumstances. The Court

5

noted that, because of the federal courts' "virtual unflagging obligation ... to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817 (1976), a district court must approach its decision "with the balance weighted heavily in favor of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1984).

The Supreme Court emphasized that the mere existence of a concurrent state court action is not sufficient to warrant dismissal of a federal case, stating that, "only the clearest justifications will warrant dismissal." *Colorado River, supra* at 424 U.S. 800, 818-19. The party requesting the federal court to abstain bears the heavy burden of persuading that court that such exceptional circumstances exist as would clearly warrant abstention. *Moses H. Cone Memorial Hospital, supra*, at 460 U.S. 1, 25-26. The Town has not presented the requisite exceptional circumstances necessary to warrant dismissal of the Church's Federal Court Complaint.

The case of *U.S. Liability Ins. Co. v. Wise as Next Friend of Easler*, 887 F.Supp. 348 (D. Mass. 1995), relied on the Town at page 7 of its Memorandum, in support of its argument for abstention, is again inapposite. That case was predicated on diversity jurisdiction, and the only claim advanced was one for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. In declining jurisdiction, the court expressed concern about the overlapping issues of law and fact that would be involved in concurrent proceedings – one in state court involving a tort victim and a putatively insured defendant, and a second in federal court involving an insurance coverage dispute between the state court defendant and his insurer. The *U.S. Liability Ins. Co.* case did not present any issues of federal substantive law. The Church's Federal Court Complaint is based on federal question jurisdiction. The presence of

federal law issues must always be a major factor weighing against the surrender of federal court jurisdiction. *Moses H. Cone Memorial Hosp., supra*, at 460 U.S. 23-26. Indeed, a decision to abstain from exercising federal court jurisdiction would be particularly inappropriate where the primary federal law claim advanced involves an act of Congress, RLUIPA, which is specifically intended to override a body of state and local zoning and landmarking laws which create the very state law statutory causes of action that are now pending in the state court proceedings.

Further, in the matter at hand, there were no overlapping issues of law and fact similar to those that concerned the court in the *U.S. Liability Ins. Co.* case. The primary issues to be resolved in this proceeding, under the RLUIPA claim, include the questions of "substantial burden", "compelling governmental interest" and "least restrictive means." None of these issues will be addressed in the pending state court proceedings.

The Towns's reliance on *Fuller Company v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309 n. 3 (1st Cir. 1986), is also misplaced. *Fuller Company* involved a dispute between two parties that had already resulted in a Pennsylvania state court decree and a subsequent case filed in the trial courts of Puerto Rico that was still pending. The defendant in the Puerto Rico litigation raised the Pennsylvania decree as a defense to the claims pending against him in the Puerto Rico trial court, based upon the full faith and credit provisions of the United States Constitution. While the Puerto Rico proceedings were still pending, the defendant filed a separate declaratory judgment action in federal court raising the identical claims, i.e., whether the Puerto Rico trial courts were obligated to give full faith and credit to the Pennsylvania decree. Primarily because the party had chosen to assert his federal law claims in the state court proceedings, the First Circuit determined that abstention was appropriate under the *Colorado River* doctrine. In the case at

7

hand, the Church never waived its right to seek resolution of its federal law claims, in federal court, by asserting its federal law claims in the pending state court proceedings. *Fuller Company* provides no support for the Town's argument.

As noted by the Supreme Court in *Moses H. Cone Memorial Hospital, supra*, at 460 U.S. 23-26, the task of a federal court in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction; rather, the task is to ascertain whether there exists "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado River* to justify the surrender of that jurisdiction. Based on the preceeding, it is clear that the *Colorado River* abstention doctrine does not warrant the dismissal of the Church's Federal Court Complaint. The Church should be allowed to proceed forward with its federal law claims in this federal forum.

  III. The Church's Federal Court Complaint is timely under applicable federal law. State law provisions creating filing deadlines for state law statutory causes of action cannot serve to divest a federal court of jurisdiction over federal law claims.

The Town's contention that the twenty day appeal period set forth in two Massachusetts laws, creating exclusive remedies for state court review of local administrative zoning and landmarking decisions, is devoid of support. There is simply no precedent to support the Town's argument that the shortened twenty day appeal periods set forth in the two state statutes which it cites, can serve to divest this court of jurisdiction over the federal law claims advanced herein. The Town's argument on this point is totally illogical, given the fact that RLUIPA does not even require an aggrieved party to exhaust its administrative remedies before proceeding with a claim under that federal act. Clearly, under RLUIPA, the Church could have opted to by-pass state court appeals and, instead, proceeded directly to this federal forum with its federal law claims.

8

The Church's federal law claims are, instead, governed by applicable federal law and while federal law holds that the forum state's statutes of limitations apply in the context of civil rights actions, federal law governs which of the forum state's statutes of limitations apply. With respect to § 1983, which does not provide any limitations period, the Supreme Court has determined that § 1988 requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations. *Owens v. Okure*, 488 U.S. 235, 240 (1989). Finding that § 1983 claims are best characterized as personal injury actions, the Supreme Court has further held that a state's personal injury statute of limitations should be applied to all such claims. *Id.* at 240-41. Thus, in Massachusetts, the three-year statute of limitations on personal injury actions governs the Church's § 1983 claims. *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001); *Street v. Vost*, 936 F.2d 38, 39 (1991). See M.G.L. c. 260, § 2A. As for the Church's RLUIPA claim, it is governed by 28 U.S.C. § 1658, which provides a four-year catch-all federal statute of limitations. *See United States v. Maui County*, 2003 U.S. Dist. LEXIS 23735, *3-5 (D.Haw. 2003).

As acknowledged by the Town at page 7 of its Memorandum, the Church filed its Federal Court Complaint well within two years of the Town's decisions which the Church challenges herein. The Church has timely filed its federal law claims, and this Court clearly possesses jurisdiction to resolve those claims.

## CONCLUSION

For all the foregoing reasons, the Town's Motion to Dismiss should be denied.

                    Respectfully submitted,
                    FIRST CONGREGATIONAL CHURCH
                    OF HAMILTON,
                    By its Attorneys,

                    _____
                    Kevin M. Dalton, Esquire
                    GLOVSKY & GLOVSKY
                    Participating Attorneys for
                    The Rutherford Institute
                    8 Washington Street
                    Beverly, MA 01915
                    978-922-5000
                    BBO #112710

Dated:  January 26, 2004

## CERTIFICATE OF SERVICE

I, Kevin M. Dalton, hereby certify that on this 26th day of January, 2004, I served copies of Plaintiff's Memorandum in Opposition to Defendants' Motion To Dismiss upon Donna B. MacKenna, attorney for the Defendant by mailing same via first class mail, postage prepaid to her at Castner & Edwards, LLP, 303 Congress Street, Boston, MA 02210.

_____
Kevin M. Dalton
GLOVSKY & GLOVSKY
8 Washington Street
Beverly, MA 01915
(978) 922-5000
BBO #112710