UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIRST CONGREGATIONAL CHURCH OF HAMILTON, Plaintiff, v. TOWN OF HAMILTON, TOWN OF HAMILTON HISTORIC DISTRICT COMMISSION and TOWN OF HAMILTON ZONING BOARD OF APPEALS, Defendants. | Case No. 03-12405JLT |

## ANSWER TO COMPLAINT

For their answer to the complaint, defendants Town of Hamilton, Town of

Hamilton Historic District Commission and Town of Hamilton Zoning Board of Appeals

(collectively "Hamilton") admits, denies and says as follows:

### JURISDICTION AND VENUE

### FIRST DEFENSE

1.1.    The allegations contained in paragraph 1.1 comprise legal conclusions and

are descriptive of the nature of plaintiff's claims and as such, no answer is required.

1.2    The allegations contained in paragraph 1.2 comprise legal conclusions to

which no answer is required.  Hamilton denies, however, that plaintiff's suit has been

properly brought pursuant to 42 U.S.C. § 1983.

1.3    The allegations contained in paragraph 1.3 comprise legal conclusions to which no answer is required. Hamilton denies, however, that jurisdiction is properly exercised in this Court.

1.4    The allegations contained in paragraph 1.4 comprise legal conclusions to which no answer is required.

## PARTIES

### FIRST DEFENSE

2.1    Hamilton repeats its responses to paragraphs 1.1 to 1.4 as if set forth in full herein.

2.2    Hamilton admits the allegations contained in paragraph 2.2 on information and belief.

2.3    Hamilton admits the allegations contained in paragraph 2.3.

2.4    Hamilton admits the allegations contained in paragraph 2.4.

2.5    Hamilton admits the allegations contained in paragraph 2.5, except states that the establishment and authority is not limited to the Zoning Act.

## FACTUAL AND PROCEDURAL HISTORY

### FIRST DEFENSE

3.1    Hamilton repeats its responses to paragraphs 1.1 to 2.5 as if set forth in full herein.

3.2    Hamilton admits the allegations contained in paragraph 3.2.

3.3    Hamilton admits the allegations contained in paragraph 3.3.

3.4    Hamilton admits the allegations contained in paragraph 3.4.

3.5     Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.5 and call upon plaintiff to prove them.

3.6     Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.6 and call upon plaintiff to prove them.

3.7     Hamilton denies the allegations contained in paragraph 3.7.

3.8     Hamilton denies the allegations contained in paragraph 3.8, except admits that Town Meeting met for a period of time in the vestry of the Church.

3.9     Hamilton admits that the Church predates the incorporation of the Town of Hamilton, but denies the remaining allegations contained in paragraph 3.9.

3.10    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.10 and call upon plaintiff to prove them.

3.11    Hamilton admits the allegations contained in the first sentence of paragraph 3.11, except states that it is without sufficient information to admit or deny the reasons for the purchase and states further that at the time of the purchase, the property contained more than the structures described in this sentence.  Hamilton admits the allegations contained in the second and third sentences of paragraph 3.11.

3.12    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.12 and call upon plaintiff to prove them.

3.13    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.13 and call upon plaintiff to prove them.

3.14    Hamilton admits that parking is prohibited along Route 1A and along parts of Cutler Road, admits that the parking prohibitions have not been strictly enforced, but denies the remaining allegations contained in paragraph 3.14.

3.15    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.15 and call upon plaintiff to prove them.

3.16    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.16 as to the use of the property and call upon plaintiff to prove them. Hamilton denies the remaining allegations contained in paragraph 3.16.

3.17    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.17 and call upon plaintiff to prove them.

3.18    Hamilton denies the allegations contained in paragraph 3.18.

3.19    Hamilton admits the allegations contained in paragraph 3.19.

3.20    Hamilton admits the allegations contained in paragraph 3.20.

3.21    Hamilton admits the allegations contained in paragraph 3.21 and states affirmatively that the Essex County Superior Court affirmed the Historic District Commission's authority and decision.

3.22    Hamilton admits the allegations contained in paragraph 3.22 and states further that the Certificate of Appropriateness speaks for itself.

3.23    Hamilton admits the allegations contained in paragraph 3.23 and states further that the Zoning Board of Appeals Notice of Decision No. 15 of 1993 speaks for itself.

3.24    Hamilton denies the allegations contained in paragraph 3.24.

3.25    Hamilton admits the allegations contained in paragraph 3.25 and states further that the Zoning By-Law speaks for itself.

3.26    Hamilton denies the allegations contained in the first sentence of paragraph 3.26 and is without sufficient information to admit or deny the remaining allegations contained in paragraph 3.26.

3.27    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.27 and call upon plaintiff to prove them.

3.28    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.28 and call upon plaintiff to prove them.

3.29    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.29 and call upon plaintiff to prove them.

3.30    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.30 and call upon plaintiff to prove them.

3.31    Hamilton admits on information and belief that the Church retained a licensed professional architect for the Fellowship Hall Project, but denies the remaining allegations contained in paragraph 3.31.

3.32    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.32 and call upon plaintiff to prove them.

3.33    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.33 and call upon plaintiff to prove them.

3.34    Hamilton is without sufficient information to admit or deny the allegations contained in paragraph 3.34 and call upon plaintiff to prove them.

3.35    Hamilton admits that it received an Application for Certificate of Appropriateness dated March 8, 2002, states that the application speaks for itself, but denies the remaining allegations contained in paragraph 3.35.

3.36    Hamilton admits the allegations contained in paragraph 3.36.

3.37    Hamilton admits the allegations contained in paragraph 3.37.

3.38    Hamilton admits the allegations contained in paragraph 3.38 and states that the decision speaks for itself.

3.39    Hamilton denies the allegations contained in paragraph 3.39.

3.40    Hamilton denies the allegations contained in the first two sentences of paragraph 3.40. Hamilton states that the allegations contained in the third sentence of paragraph 3.40 contain legal conclusions to which no response is required.

3.41    Hamilton denies the allegations contained in paragraph 3.41.

3.42    Hamilton denies the allegations contained in paragraph 3.42.

3.43    Hamilton admits the allegations contained in paragraph 3.43.

3.44    Hamilton admits receipt of a letter dated January 17, 2002, from an attorney on behalf of the Friends of the Manasseh Cutler Property to several Town boards, otherwise denies the allegations contained in paragraph 3.44 and states that the letter speaks for itself.

3.45    Hamilton admits that Charles Brett as Inspector of Buildings and Zoning Enforcement Officer sent a letter dated February 26, 2002, denies that the letter is accurately summarized in paragraph 3.45 and states that the letter speaks for itself.

3.46    Hamilton admits receipt of a letter dated March 21, 2002, from a person on behalf of the Friends of the Manasseh Cutler Property, denies that the letter is accurately summarized in paragraph 3.46 and states that the letter speaks for itself.

3.47    Hamilton admits the allegations contained in paragraph 3.47.

3.48    Hamilton admits that the Zoning Board of Appeals issued its Notice of Decision No. 12 of 2002 dated June 20, 2002, states that the decision speaks for itself and admits in part and denies in part the remaining allegations of paragraph 3.48.

3.49    Hamilton denies that the allegations contained in paragraph 3.49 accurately summarize the Zoning Board of Appeals' decision dated June 20, 2002, and states that the decision speaks for itself.

3.50    Hamilton denies that the allegations contained in the first sentence of paragraph 3.50 accurately summarize the Zoning Board of Appeals' decision dated June 20, 2002, and states that the decision speaks for itself. Hamilton denies the remaining allegations contained in paragraph 3.50.

3.51    Hamilton denies the allegations contained in paragraph 3.51 and states affirmatively that the statements contained in the "Findings of Fact" constitute affirmative representations and undertakings of the Church to the Town as part of its application for site plan approval.

3.52    Hamilton denies the allegations contained in paragraph 3.52.

3.53    Hamilton admits that the Church has filed an appeal with the Essex County Superior Court of the Board of Appeals' decision dated June 20, 2002, but denies that the allegations contained in paragraph 3.53 accurately summarize the appeal and therefore deny the remaining allegations of paragraph 3.53.

3.54    Hamilton denies that it has formally taken a position with regard to the application of site plan review as to the Fellowship Hall Project since the Church has applied for neither site plan approval of a building permit and therefore denies the allegations contained in paragraph 3.54.

3.55    Hamilton lacks information sufficient to form a belief as to the allegations contained in paragraph 3.55 in that the Zoning Board of Appeals and the Zoning Enforcement Officer have not been provided by the Church with the plans for the Fellowship Hall Project nor have they compared the Fellowship Hall Project with the dimensional requirements of the Zoning By-Law to determine compliance, and therefore calls upon the plaintiff to prove them.

3.56    Hamilton denies the allegations contained in paragraph 3.56 to the extent that it contains allegations of fact.  To the extent that it contains legal conclusions, no response is required.

3.57    Hamilton denies the allegations contained in paragraph 3.57.

3.58    Hamilton denies the allegations contained in paragraph 3.58.

3.59    Hamilton denies the allegations contained in paragraph 3.59.

3.60    Hamilton denies the allegations contained in paragraph 3.60 to the extent that it contains allegations of fact.  To the extent that it contains legal conclusions, no response is required.

## CAUSES OF ACTION

### FIRST CLAIM
### RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT
### 42 U.S.C. § 2000c et seq.

### FIRST DEFENSE

4.1    Hamilton repeats its responses to paragraphs 1.1 to 3.60 as if set forth in full herein.

4.2    Hamilton admits in part and denies in part the allegations contained in paragraph 4.2.

4.3    Hamilton denies the allegations contained in paragraph 4.3.

4.4    Hamilton denies the allegations contained in paragraph 4.4.

4.5    Hamilton denies the allegations contained in paragraph 4.5.

4.6    Hamilton denies the allegations contained in paragraph 4.6.

**SECOND CLAIM**
**FREE EXERCISE CLAUSE**
**UNITED STATES CONST. AMEND. 1**

**FIRST DEFENSE**

5.1    Hamilton repeats its responses to paragraphs 1.1 to 4.6 as if set forth in full herein.

5.2    Hamilton admits in part and denies in part the allegations contained in paragraph 5.2.

5.3    Hamilton denies the allegations contained in paragraph 5.3.

5.4    Hamilton denies the allegations contained in paragraph 5.4.

**THIRD CLAIM**
**EQUAL PROTECTION CLAUSE**
**UNITED STATES CONST. AMEND. XIV**

**FIRST DEFENSE**

6.1    Hamilton repeats its responses to paragraphs 1.1 to 5.4 as if set forth in full herein.

6.2    Hamilton denies the allegations contained in paragraph 6.2.

6.3    Hamilton denies the allegations contained in paragraph 6.3.

6.4    Hamilton denies the allegations contained in paragraph 6.4.

6.5    Hamilton denies the allegations contained in paragraph 6.5.

## FOURTH CLAIM
## DEMAND FOR DECLARATORY RELIEF
## DECLARATORY JUDGMENT ACT, 28 USC § 2201

### FIRST DEFENSE

7.1    Hamilton repeats its responses to paragraphs 1.1 to 6.5 as if set forth in full herein.

7.2    Hamilton admits in part and denies in part the allegations contained in paragraph 7.2.

7.3    The allegations contained in paragraph 7.3 contain legal conclusions to which no response is required.

7.4    Hamilton admits in part and denies in part the allegations contained in paragraph 7.4.

7.5    Hamilton denies the allegations contained in paragraph 7.5.

7.6    Hamilton denies the allegations contained in paragraph 7.6.

### AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Some or all of plaintiff's claims fail to state a claim upon which relief may be granted.

### THIRD DEFENSE

The provisions of the Religious Land Use and Institutionalized Persons Act of 2000, codified at 42 U.S.C. § 2000cc *et seq.*, ("RLUIPA") are unconstitutional as written and/or as applied, and therefore are not enforceable by plaintiff in this action.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## FIFTH DEFENSE

Some of the plaintiff's claims against the Zoning Board of Appeals must be dismissed because they are not ripe.

## SIXTH DEFENSE

Plaintiff's claims must be dismissed because they constitute improper claim splitting and are already pending in prior filed state court actions.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, estoppel, laches unclean hands and/or issue preclusion.

## EIGHTH DEFENSE

Plaintiff's claims must be dismissed for lack of standing.

## NINTH DEFENSE

Plaintiff's claims must be dismissed because it may not maintain claims under the First and Fourteenth Amendments of the United States Constitution.

## TENTH DEFENSE

Federal court intervention through RLUIPA into the traditional local realm of land use and development control is unconstitutional under the United States Constitution's inherent limits of federalism.

## ELEVENTH DEFENSE

Plaintiff's claim are barred, in whole or in part, because plaintiff has failed to mitigate its damages.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to exhaust administrative or state remedies.

WHEREFORE, the defendants Town of Hamilton, Town of Hamilton Historic District Commission and Town of Hamilton Zoning Board of Appeals request judgment:

1.    Dismissing the Complaint upon its merits;

2.    For their costs and attorneys' fees in defense of this action; and

3.    For such other and further relief as the court deems proper.

Dated:  March 8, 2004

TOWN OF HAMILTON, TOWN OF HAMILTON HISTORIC DISTRICT COMMISSION AND TOWN OF HAMILTON ZONING BOARD OF APPEALS,
By their attorneys,

Donna Brewer MacKenna, BBO #545254
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by first class mail, postage pre-paid on March 8, 2004.

Donna B. MacKenna

314056

12